IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-73,800-02






EX PARTE CHAD ANDREW ISENBERGER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 50,846-B IN THE 412TH JUDICIAL DISTRICT COURT

FROM BRAZORIA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to forty years' imprisonment. The First Court of Appeals affirmed
his conviction. Isenberger v. State, No. 01-07-00417-CR (Tex. App. - Houston [1st Dist.] December
11, 2008, pet. ref'd).

 In this application, Applicant alleges that he received ineffective assistance of counsel both
at trial and on direct appeal. Applicant was represented by the same attorney in both proceedings. 
On December 12, 2011, the trial court signed an order designating issues, ordering counsel to file
an affidavit responding to Applicant's claims of ineffective assistance of trial counsel, but not his
claims regarding counsel's performance on appeal. After receiving counsel's affidavit, the trial court
made findings of fact and conclusions of law recommending that relief be denied.

 The trial court's findings did not fully address all fact issues necessary to the resolution of
the claims that were raised by Applicant, because the findings did not address Applicant's claim that
he received ineffective assistance of counsel on direct appeal. Nonetheless, this Court has
undertaken an independent review of all the evidence in the record. Therefore, based on the trial
court's findings of fact and conclusions of law as well as this Court's independent review of the
entire record, we deny relief.

 


Filed: March 7, 2012

Do not publish